THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD
DRAKE, Respondent, *v.* JACOB C. KNAUBER et al., Constitut-
ing the Civil Service Board of the City of Syracuse,
Appellants.

1. MANDAMUS — EVIDENCE OF REQUEST FOR CIVIL SERVICE EXAMINA-
TION. The relator in a proceeding to compel a civil service board to place
his name on the eligible list by virtue of a rating obtained upon an
examination held under chapter 428 of the Laws of 1897, which required
an examination for merit by the civil service board and an examination
for fitness by the appointing power, may testify that he made application
to the common council to be examined for fitness, in order to substantiate
his claim that the defendants and the appointing power sought to defeat
the provisions of the statute.

2. CIVIL SERVICE — EXAMINATION FOR MERIT ONLY UNDER CH. 428,
L. 1897 — EFFECT AFTER REPEAL OF LAW. A person examined for
merit by a local civil service board in an examination which actually

covered both merit and fitness under the provisions of chapter 428 of the Laws of 1897, requiring a distinct examination for fitness by the appointing power as well as the examination for merit, each with a rating based on a maximum of fifty per cent, is to be deemed, after the repeal of that law, to have been examined for both merit and fitness, and to have a rating of ninety-eight and seven-tenths per cent on a maximum of one hundred per cent, where a rule of the civil service board adopted under chapter 186 of the Laws of 1898, has provided that ratings given after an examination under the prior law for merit only shall be multiplied by two and the result of such multiplication shall be the rating for merit and fitness, and he is, therefore, entitled to be placed on the eligible list with such rating.

*People ex rel. Drake* v. *Knauber*, 43 App. Div. 342, affirmed.

(Argued February 27, 1900; decided May 1, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 18, 1899, reversing a judgment in favor of defendants entered upon a verdict directed by the court, and granting a new trial.

This proceeding was brought to compel the defendants, as and composing the civil service board of the city of Syracuse, to make and cause to be delivered to the common council of that city their certificate that the relator herein had passed an examination for merit and fitness for the position of custodian of the city hall, pursuant to the provisions of the Civil Service Act; that his rating upon the eligible list for that position was the highest of the veterans who had passed an examination, and that under the civil service rules of the city he was entitled to be appointed to the said position.

The facts, so far as material, are stated in the opinion.

*James E. Newell* for appellants. The fitness qualifications of relator for appointment to the office of custodian of the city hall of the city of Syracuse have never been ascertained by a competitive examination so far as practicable as required by section 9 of article 5 of the Constitution of the state of New York and the civil service laws of said state. (*People ex rel.* v. *Lyman*, 157 N. Y. 375; *People ex rel.* v. *Common Council*, 26 Misc. Rep. 531; *People ex rel.* v. *Knauber*, 27

Misc. Rep. 253 ; *Chittenden* v. *Wurster*, 152 N. Y. 359.) The appellants are not estopped from claiming that the eligible list prepared on the 2d day of November, 1898, and regulation 15 of the rules and regulations of the civil service board of October 11, 1898, are illegal. (*People ex rel.* v. *Common Council*, 26 Misc. Rep. 522.) The command of the writ and requirements of the resolution of the common council are unconstitutional in that they require a certification for the purpose of appointment to office of the one graded highest upon a civil service examination. (*People ex rel.* v. *Mosher*, 45 App. Div. 72 ; *Menges* v. *City of Albany*, 56 N. Y. 374 ; *People ex rel.* v. *Angle*, 109 N. Y. 564; 19 Am. & Eng. Ency. of Law [1st ed.], 423 ; *Rathbone* v. *Wirth*, 150 N. Y. 459 ; *People ex rel.* v. *Draper*, 15 N. Y. 544 ; *People ex rel.* v. *Howland*, 155 N. Y. 270 ; *Matter of Sweeley*, 12 Misc. Rep. 178 ; *People ex rel.* v. *Lyman*, 157 N. Y. 368 ; *People ex rel.* v. *Roberts*, 148 N. Y. 360.)

*William G. Tracy* for respondent. The appellants cannot set up as a defense in this proceeding that their own regulations, approved by the state civil service board, were illegal. They are estopped from doing so. (*People ex rel.* v. *Common Council*, 26 Misc. Rep. 522.) The rule of the defendants' regulations, requiring them to certify the name of one eligible person only for the office to be filled, giving to such person the preference to veterans required by law, was not illegal. (*Matter of Sweeley*, 12 Misc. Rep. 174; 146 N. Y. 401.)

Bartlett, J. This proceeding was instituted February 23rd, 1899, and issue joined on the alternative writ and the return thereto.

At the close of the evidence offered by the relator, upon the motion of the defendants, the court dismissed the writ and proceedings, with costs.

The relator excepted and requested to go to the jury upon the question if an examination was had by the civil service board of the relator and others for fitness as well as for merit,

and upon all the questions in the case. These requests were denied and the relator duly excepted.

The defendants constituted the civil service board of the city of Syracuse during the time involved in this controversy.

The relator sought to be appointed to the office of " Custodian of the City Hall," which was created in May, 1892, for a term of one year, ending with the fiscal year in February.

In the month of January, 1898, this office was vacant.

On February 14th, 1898, the common council, in accordance with the civil service rules, made a request of the defendants for the name of a person eligible for appointment to said office. The defendants replied that they had no names on their list of persons eligible for appointment to that office.

Thereupon the common council made a temporary appointment to said office for a term of thirty days, and shortly thereafter applications were presented to the defendants for examination to qualify for appointment to the office.

On or about the 28th of February, 1898, the defendants made and filed with the clerk of the common council a certificate to the effect that four applicants, including the relator, had passed the examination *for merit.* Attention was called to the fact that three of the four applicants were veterans of the Civil war and that the relator rated highest among the veterans and was placed at 49.35.

The relator upon the trial was asked this question : " I ask you whether after the examination had been had and this certificate of the Civil Service Board of March 18th, referred to in the answer, was made and delivered by them to the Common Council, you made any application to the Common Council to be examined for fitness ? "

The record shows that the witness answered " Yes, sir," whereupon defendants' counsel objected to the evidence as immaterial and improper and the objection was sustained. This ruling presents reversible error, as the relator was entitled to prove the fact, and, if possible, to have followed up the line of proof, from which he was thus shut out, showing the

precise attitude of the common council as the appointing power in the premises. Such evidence was material and tended to substantiate the claim of the relator that the defendants and the appointing power sought to defeat the provisions of the then existing Civil Service Law, being chapter 428, Laws of 1897, and known as the " Black Law."

On March 31, 1898, there was passed an act amending section 8 of the Civil Service Law of 1883 (Chap. 186, Laws of 1898, page 446). This act was known as the " Brush Law," and required the mayor of each city in the state to appoint and employ suitable persons to prescribe, amend and enforce regulations for appointments to and promotions in the civil service of such cities and for classifications and amendments therein.

It further required that within two months after its passage the mayors should classify the clerks and persons employed in the public service of the cities. . It repealed all acts or parts of acts inconsistent with its provisions.

The effect of this law was to give to the local civil service boards in the cities of the state the power to examine applicants as to both merit and fitness; in other words, to restore the situation existing prior to the " Black Law," which confined the local boards to an examination for merit and required the appointing power to examine for fitness, each to be conducted with ratings based on a maximum of fifty per cent.

The defendants, after the passage of the act of 1898, prescribed a set of rules and regulations in supposed conformity with its provisions and they were approved by the mayor and the New York civil service commission on the 11th of October, 1898.

Among these rules was rule XV, which reads as follows : " All eligible lists, whether prepared after examinations for both merit and fitness, or for merit only, existing prior to July 1, 1898, for appointment or promotion in the civil service of the city of Syracuse, shall be continued in full force and effect, except as otherwise provided in regulation XIII, and may be certified to the person or persons holding

the power of appointment or promotion; provided, however, that the ratings given after an examination for merit only shall be multiplied by two, and the result of such multiplication shall be the rating for merit and fitness as determined in regulation VIII."

Rule II of these new rules and regulations reads as follows: "It shall be the duty of such board of civil service commissioners to conduct all examinations called for under these regulations to ascertain the merit and fitness of candidates for admission into the civil service of the city in respect to character, knowledge and ability for the particular branch of the service into which they seek to enter, and to estimate and determine the relative excellence or standing of the persons examined, and to certify the same in such manner and form as may be prescribed."

Rule VIII provides, among other things: "Merit and fitness of all applicants shall be determined by examination conducted by the board of civil service commissioners."

It seems to be quite clear that rule XV was intended to cover the cases of those applicants who had been examined for merit only under the Black Law, and as that examination was conducted with ratings based upon a maximum of fifty per cent, and as the examinations for merit under the Black Law were the same as those for merit and fitness prior to the enactment of that law, during its existence and after its repeal, the doubling of the rating was merely intended to place it under the old maximum of one hundred per cent.

On the 2nd of November, 1898, the defendants, in pursuance of the new rules and regulations, multiplied the relator's rating for merit by two and placed his name and the result of such multiplication upon the list or register kept by said board of persons eligible for appointment to the office in question, giving the relator a rating of 98.70.

On February 20th, 1899, the common council (having been compelled by mandamus) did, by resolution, direct the defendants to furnish them with the name of the highest eligible candidate for the position of custodian of the city hall, but the

defendants refused to comply, so far as the relator was con-
cerned, upon the grounds that his fitness qualifications for
appointment to the office had never been ascertained or rated,
so far as practicable, by examination; that the request and
command of the said writ were illegal, in that they required
the board of civil service commissioners to certify the name of
the highest eligible candidate only for the office; that the com-
mand of said writ was illegal, in that it directed the civil service
board to certify the name of the relator only as being eligible,
on the alleged ground that he was entitled to said office by rea-
son of having said rating among the veterans on said list.
Thereupon the relator instituted this proceeding.

The dismissal of the proceeding at the close of the relator's
evidence appears to have been based on the following grounds:
(1) That the Black Law was not unconstitutional; (2) that
there was a distinction between merit and fitness; (3) that
the doubling of the rating of applicants examined under the
Black Law, and placing them on the eligible list with such
doubled rating under the law of 1898, were illegal and
void.

The Appellate Division seems to have held: (1) That the
relator had been, as matter of fact, examined for merit and
fitness under the Black Law, and rated accordingly under the
law of 1898; (2) that the regulation of the defendants
doubling relator's rating after the repeal of the Black Law
was legal; (3) that the defendants were endeavoring to defeat
the provisions of the Civil Service Law as they existed under
the law of 1898.

We are of opinion that there is but one point before us for
decision in addition to the ruling upon the rejection of evi-
dence already considered, and that is whether the name of
the relator is entitled to stand on the eligible list as having
been examined for merit and fitness under the law of 1898,
with a rating of 98.70.

In order to decide this point it is necessary to clearly
apprehend the precise situation on the 20th of February,
1899, when the defendants refused to certify that relator's

name stood on the eligible list with a rating for merit and fitness of 98.70.

The "Black Law" was repealed as to this case by the law of 1898, which was then in force, as the present law (Chap. 370, Laws 1899) did not take effect until April 19th, 1899 ; the defendants under the law of 1898, and the rules and regulations made to carry out the same, had placed relator's name on the eligible list with a rating for merit and fitness at 98.70, and advised him of this action on the 21st of November, 1898, by an official letter, in evidence, written by the secretary of the defendants and addressed to the relator. It reads as follows : " In accordance with your request, I am directed by the civil service board to state that your name appears upon the eligible list with the rating of 98.7."

The defendants now repudiate their official action, and insist that the rules and regulations under which it was taken were illegal and void.

It appears from the situation as thus detailed that this question is not to be determined under the "Black Law," which absolutely required two distinct examinations, one for merit and the other for fitness.

If the "Black Law" controlled, it would be perfectly clear that there has not been an examination for merit and fitness, even conceding that it covered the entire field for both qualifications, as there has been no examination as to fitness by the appointing power, to wit, the common council, as required.

The question then is, has relator been examined as to merit and fitness under the law of 1898, which allows the local board to make both examinations?

It clearly appears in this record that the examinations in the city of Syracuse prior to the "Black Law," during the time it was in force, and since its repeal, covered, as matter of fact, both merit and fitness, as the same questions were used during that entire period.

It further appears, in the case at bar, that this examination was made by the local civil service board as required by the law of 1898, amending the law of 1883.

We thus have an examination by the proper board, covering the field of merit and fitness, and the sole objection is that the total rating is arrived at by doubling the merit rating.

It may be conceded that it would have been better to allow the total rating fixed by the board without reference to the rule the defendants prescribed, but as it applied to all applicants alike, we are not disposed to permit the defendants to use their own enactment as both sword and shield in this proceeding.

The question as a general one is of no importance, for the law of 1883, as variously amended, the " Black Law," and the law of 1898, are repealed by the law of 1899.

We have held during the present term of court that the provision of the act of 1899, which requires the civil service commissioners to certify only the name of the highest eligible candidate for the office, is unconstitutional. (*People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32.) In the case at bar the question presented is whether the name of the relator is entitled to stand on the eligible list.

This record discloses an unlawful, and thus far successful effort, to prevent the relator's appointment under the provisions of the " Black Law " and the law of 1898.

Under the former law relator was denied his examination for fitness by the common council, and under the latter the defendants plead their own action as void, and their rules and regulations, approved by the mayor of Syracuse and the New York civil service commission, as illegal.

We decide that the relator is entitled to be placed on the eligible list with a rating for merit and fitness at 98.70, under the peculiar circumstances of this case, and we pass on no other question save the ruling on the rejection of evidence, with which we have already dealt.

The order appealed from, granting a new trial, should be affirmed and judgment absolute against the defendants ordered on their stipulation, with costs to relator in all the courts.

PARKER, Ch. J., O'BRIEN, HAIGHT, MARTIN, VANN and LANDON, JJ., concur.

Order affirmed.